[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 05-15322
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-60118-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD ORVILLE ORAL DYER,
a. k. a. Eric Keith Dyer,
a. k. a. Horace Brown,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------------------------------

**(June 23, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Howard Orville Oral Dyer appeals his 37-month sentence for illegal re-entry into the United States after previously being deported, 8 U.S.C. § 1326(a) and (b)(2). No reversible error has been shown; we affirm.

Defendant argues that, when calculating his criminal history category for sentencing, the district court erred in relying on a National Crime Information Center ("NCIC") report showing that he had a June 1991 conviction for possession of marijuana. Defendant contends that the NCIC report is hearsay evidence that is insufficient to establish a prior conviction. Defendant also asserts that his June 1991 conviction was for a probation violation and was not a conviction related to a new offense.

We review the district court's findings on sentencing matters for clear error. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir.), cert. denied, 126 S. Ct. 812 (2005). We have explained that district courts may consider reliable hearsay evidence at sentencing. United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001). "The district court may rely on such evidence as long as the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." Id. (internal quotation omitted).

At sentencing, Defendant objected to the calculation of his criminal history category based, in part, on the June 1991 conviction documented by the NCIC report; and the district court considered arguments made by Defendant and the government about the scoring of Defendant's criminal history category. Because Defendant offered no evidence indicating that the NCIC report was unreliable or that his June 1991 sentence was actually for a probation violation, it was not clearly erroneous for the district court to rely on the NCIC report in determining Defendant's criminal history category.

Defendant next argues that the district court erred in determining that the statutory maximum sentence for his offense was 20 years, as provided by 8 U.S.C. § 1326(b)(2), instead of two years, which is authorized by 8 U.S.C. § 1326(a). Defendant contends that, because his indictment did not charge a separate offense under section 1326(b)(2), the statutory maximum provided by that section does not apply to him. Although Defendant concedes that the Supreme Court concluded in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L.Ed.2d 350 (1998), that section 1326(b)(2) is a sentencing factor and is no criminal offense separate from section 1326(a), he asserts that recent decisions of the Supreme Court have called into question the continuing validity of the Almendarez-Torres decision.

Because Defendant did not raise this issue before the district court, we review his claim only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). Under a plain-error analysis, we may not correct the error unless there is "(1) error, (2) that is plain, (3) that affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation omitted).

Under section 1326(a), any alien who has been deported and subsequently re-enters the United States without permission is subject to a maximum two-year sentence. Section 1326(b)(2) provides that an alien who has been deported – after being convicted of an aggravated felony – and re-enters the United States without permission is subject to a statutory maximum sentence of 20 years. In Almendarez-Torres, the Supreme Court concluded that section 1326(b)(2) is a "penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." 523 U.S. at 226, 118 S. Ct. at 1222.

In this case, Defendant does not assert that he committed no aggravated felony that would trigger the 20-year statutory maximum of section 1326(b)(2); instead, he argues he could not be sentenced under that section because his

4

indictment failed to charge him with a separate crime under section 1326(b)(2). Because the Supreme Court has not explicitly overruled Almendarez-Torres, we continue to follow that decision. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 126 S. Ct. 457 (2005). Therefore, Defendant's claim fails.

AFFIRMED.