NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  08a0206n.06
Filed:  April 18, 2008

No. 07-5251

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | On Appeal from the |
| | ) | United States District |
| v. | ) | Court for the Middle |
| | ) | District of Tennessee |
| ANTON LAMONT THOMPSON, | ) | |
| | ) | |
| Defendant -Appellant. | ) | |

Before:   BOGGS, Chief Judge; ROGERS, Circuit Judge; and SHADUR,
          Senior District Judge.*

SHADUR, Senior District Judge:  Anton Lamont Thompson ("Thompson") appeals the district court's finding, made at his sentencing hearing, that the United States had established by a preponderance of the evidence that he was previously convicted of two state crimes.  Because the district court did not commit clear error in making that finding, we affirm Thompson's sentence.

I.  Factual Background

On December 8, 2006 Thompson pleaded guilty to one count of attempted bank robbery and one count of armed bank robbery.  When

_____

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

the United States Probation Office prepared a Presentence Investigation Report, it calculated the sentencing range under the advisory Sentencing Guidelines ("Guidelines") as 92 to 115 months.

As always, that calculation was predicated in part on Thompson's criminal history. It treated him as having amassed 10 criminal history points, thus putting him into Criminal History Category V. One of those 10 points was based on two prior North Carolina misdemeanor convictions--one for carrying a concealed weapon and one for breaking and entering--both stemming from a single incident that occurred on December 20, 1996.

In a written presentence memorandum Thompson objected to that calculation because, he maintained, the United States had failed to present sufficient proof of the two misdemeanor convictions. Without those convictions, Thompson explained, he would have 9 rather than 10 criminal history points, placing him in Criminal History Category IV and reducing the Guidelines range to 77 to 96 months.

At Thompson's February 22, 2007 sentencing hearing the United States was unable to produce a copy of the judgment reflecting the two North Carolina convictions. For his part Thompson's attorney explained that his own investigation into the matter came up empty, telling the district court that "there was no judgment" confirming the prior convictions.

2

In lieu of a judgment covering those convictions, the United States submitted three other supporting documents:

1.  a two-page computer printout, certified by the Deputy Clerk of the Superior Court of Mecklenburg County, North Carolina, showing that Thompson had pleaded guilty to the two misdemeanor charges and had been sentenced to 12 months' probation for the breaking and entering offense;

2.  an uncertified copy of a grand jury indictment charging Thompson with carrying a concealed weapon; and

3.  an uncertified copy of a plea transcript (a standardized form used to document the plea agreement between Thompson and the district attorney) signed by Thompson, the district attorney and the presiding state court judge.

At his sentencing hearing Thompson again argued that those documents did not suffice to support a finding that he had twice been convicted in North Carolina.  But the district court disagreed, finding that the "certified copy of an electronic record that reflects the conviction," as well as the uncertified copy of the plea transcript, "together are reliable evidence that there was a conviction."  Thompson was then given concurrent sentences of 92 months' imprisonment and three years' supervised release on the two federal counts.  After sentencing he filed a timely notice of appeal.

## II.  Standard of Review

We review a district court's factual findings at sentencing for clear error (<u>United States v. Katzopoulos</u>, 437 F.3d 569, 574 (6th Cir. 2006)).  Such findings are "clearly erroneous only when, despite some evidence to support the finding, we are left with the definite and firm conviction that a mistake has been committed, based on a review of the record as a whole" (<u>United States v. Raleigh</u>, 278 F.3d 563, 566 (6th Cir. 2002)).

## III.  Absence of Clear Error

At sentencing the United States bears the burden of proving by a preponderance of the evidence any factors used to support a sentencing enhancement (<u>United States v. Gibson</u>, 985 F.2d 860, 866 (6th Cir. 1993)).  As we said in <u>United States v. Warwick</u>, 149 Fed. Appx. 464, 467 (6th Cir. 2005), citing <u>United States v. Unger</u>, 915 F.3d 759, 760 (1st Cir. 1990):

> Similarly, the Government bears the burden of proving the existence of prior convictions used to determine the defendant's criminal-history category under the Guidelines.

On appeal Thompson challenges the district court's conclusion that the United States met that burden, advancing the same arguments he had made below.  But those arguments fail here, just as they did at the district court level.

We do not write on a clean slate in that respect.  We have twice affirmed sentences that--like Thompson's--were based in part on criminal histories that the United States established not

4

by producing actual judgments but by proffering other reliable documents that supported the fact of prior convictions (<u>United States v. Crowell</u>, 493 F.3d 744, 748-49 (6th Cir. 2007); <u>United States v. Sanders</u>, 470 F.3d 616, 623-24 (6th Cir. 2006)). And other circuits have done the same (see, e.g., <u>United States v. Simpson</u>, 94 F.3d 1373, 1381 (10th Cir. 1996); <u>United States v. Colletti</u>, 984 F.2d 1339, 1345 (3rd Cir. 1992); <u>Unger</u>, 915 F.2d at 761; and <u>United States v. Dyer</u>, 186 Fed. Appx. 866, 868 (11th Cir. 2006)(per curiam)).

As in <u>Crowell</u> and <u>Sanders</u>, here the United States did not produce a copy of the judgment stemming from Thompson's North Carolina convictions. But just as in those cases, it did produce documents (the computer printout and the plea agreement) that the district court reasonably relied upon in making its factual finding. Those documents are substantively no different from the documents relied upon by the district courts in <u>Crowell</u> and <u>Sanders</u>. Indeed, given the <u>Sanders</u> discussion (470 F.3d at 624) of <u>Shepard v. United States</u>, 544 U.S. 13, 16 (2005) and the types of documents that <u>Shepard</u> allows a sentencing judge to consider in making factual determinations as to prior convictions, the district court here could properly have considered even the third document produced by the United States--the indictment.

As for the two documents that the district court did rely on:

1.  As to the plea agreement, nothing in our case law supports Thompson's argument that a document must be certified for it to be deemed reliable.

2.  As to the two-page computer printout showing Thompson's North Carolina guilty plea, his challenge to its reliability is trumped by the document's having been <u>certified</u> by the deputy clerk of North Carolina's Superior Court of Mecklenburg County.

Indeed, there is a special irony in Thompson's having argued in one breath that the district court is somehow obligated to consider only certified documents, when in the next breath he casts vague unsubstantiated aspersions on the one certified document in the lot (accord, <u>United States v. Chacon-Sanchez</u>, 16 Fed. Appx. 749, 750 (9th Cir. 2001), explaining that appellant cannot "challenge[] the reliability of the computerized search in only a vague way, merely asserting that the search is not always accurate" without producing "evidence to substantiate this claim").

Finally, Thompson maintains that the district court should have placed more weight on his attorney's assertion at sentencing that "there was no judgment" reflecting the prior state convictions. But just such a barebones denial sought to be made in <u>Crowell</u> was not enough to stand up to the weight of the other evidence that was presented to the district court there, and that

6

we found adequate (493 F.3d at 748-49)--even where the defendant there had tried to corroborate his assertion with a computer-generated document from the clerk of court indicating that Crowell had no juvenile record.  Thompson's purely oral denial, lacking even the type of paper submission that we found inadequate in <u>Crowell</u>, cannot dictate a different result here.

## IV.  Conclusion

Given the evidence presented at Thompson's sentencing hearing as to his prior North Carolina convictions, the district court did not commit any clear error in finding that the United States had established those convictions by a preponderance of the evidence and in sentencing Thompson accordingly.  Thompson's objection to the existence of those convictions and to the United States's failure to produce a copy of the judgment do not lead us to a contrary conclusion.  Thompson's sentence is therefore affirmed.

**AFFIRMED.**