**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0377n.06
Filed: June 26, 2008

No. 06-4104

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICHAEL TERRY, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: NORRIS, GIBBONS, and GRIFFIN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Michael Terry pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Terry argues that the district court erred by sentencing him as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). For the following reasons, we affirm.

**I.**

The relevant facts are not in dispute. Terry pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to 18 U.S.C. § 924(e)(1), which applies to violators of § 922(g) with three previous violent felony convictions, the district court sentenced Terry to 180 months (15 years) imprisonment, the mandatory minimum under the statute, followed by five years supervised release.

Terry's indictment provides the case numbers and dates of conviction for three previous aggravated robbery convictions in the Cuyahoga County Common Pleas Court: (1) case number 81-163535, resulting in a conviction on or about May 15, 1981; (2) case number 81-164357, also resulting in a conviction on or about May 15, 1981; and (3) case number 90-257866, resulting in a conviction in 1991.

On April 28, 2006, the government filed an Armed Career Criminal Notice. The notice states that, based on the three previous felony convictions listed in his indictment, Terry qualifies as an armed career criminal pursuant to § 924(e)(1) and is therefore subject to a 15-year minimum prison term. This notice, like the indictment, provides (1) that the prior convictions were for aggravated robbery, (2) the dates of conviction, and (3) the case numbers. Also like the indictment, the notice does not specify which Ohio statutory provision Terry's aggravated robbery violated or whether the convictions resulted from a trial or a guilty plea.

Following Terry's May 22, 2006, guilty plea, the probation officer in this case produced a revised Presentence Investigation Report ("revised PSR") on July 11, 2006. The revised PSR indicates that the first two aggravated robbery convictions—both sentenced on May 15, 1981—arose from separate incidents occurring on March 6 and March 21, 1981. It also indicates that Terry was arrested for these offenses on March 23 and March 26, 1981, respectively. The revised PSR recommends that Terry qualify for an armed career criminal enhancement under 18 U.S.C. § 924(e) and for the purposes of U.S.S.G. § 4B1.4, which establishes an offense level of 33. Terry objected to the original PSR's determination that he qualified as an armed career criminal.

At the sentencing hearing, Terry's counsel objected to the revised PSR's determination that he qualified as an armed career criminal. Terry's counsel did not object to any factual information contained in the revised PSR, and he specifically noted that he did not deny that the convictions occurred. Instead, Terry argued that because (1) two of the convictions were 25 years old, and (2) the two 1981 cases were consolidated for sentencing, the armed career criminal enhancement should not apply.

As evidence of Terry's prior convictions, the sentencing transcript indicates that the government introduced certified copies of Terry's prior convictions. The government also explained that although Terry's two 1981 aggravated robbery offenses were sentenced on the same day, the offenses were committed on different dates.[1]

The district court concluded that Terry qualified as an armed career criminal. First, the district court noted that the age of Terry's convictions was not relevant to whether the ACCA applied. Second, the district court observed that the government had proved that the dates of Terry's two 1981 aggravated robbery offenses were different based on the certified copies of the conviction.

Accordingly, pursuant to 18 U.S.C. § 924(e)(1), the district court sentenced Terry to 180 months imprisonment, followed by five years supervised release.

**II.**

---

[1] The government asserted that the offenses were committed on March 23 and March 26, 1981. The certified copies of the convictions are not part of the joint appendix, but from the revised PSR, it appears that the government was alluding to the dates of arrest (March 23 and 26, 1981) rather than the dates of the offenses (March 6 and March 21, 1981). In any event, the revised PSR confirms that the offenses occurred on different dates.

Terry contends that the district court erred in sentencing him as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). Section 924(e) provides in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . .
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . .

Terry argues that the § 924(e)(1) enhancement was inappropriate because: (1) the evidence was insufficient to establish that his prior convictions were for "violent felonies"; (2) two of the convictions occurred over 25 years ago; (3) two of the offenses were consolidated for sentencing; and (4) 18 U.S.C. § 924(e)(1) should not have been strictly applied.

**A.**

We generally review the legal determination that a defendant qualifies as an armed career criminal under the ACCA *de novo*. *United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2006). The government bears the burden of establishing that a conviction qualifies for a sentence enhancement under the ACCA. *United States v. Lancaster*, 501 F.3d 673, 675 (6th Cir. 2007).

But where challenges to an ACCA enhancement are not brought before the district court, we review those challenges for plain error. *See United States v. Sanders*, 404 F.3d 980, 987 (6th Cir. 2005) (reviewing an ACCA enhancement for plain error). To establish plain error, a defendant must show "(1) error, (2) that was obvious or clear, (3) that affected [his] substantial rights, and (4) that affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (*en banc*) (internal citation and quotation marks omitted).

**B.**

**1.**

Terry first argues that the evidence was insufficient to establish that he previously committed three "violent felonies." Because Terry did not raise this raise this issue before the district court, we review this challenge for plain error. Terry does not dispute that the convictions occurred. Instead, he contends that the district court erred by determining that his prior offenses constituted "violent felonies," pursuant to § 924(e), on the basis of the indictment in this case and the career criminal notice, both of which provide only the case numbers and dates of conviction. Terry argues that the government was required to produce a prior plea agreement, transcript, or other judicial record to establish that his aggravated robbery offenses constituted "violent felonies." We conclude that because aggravated robbery under Ohio law categorically qualifies as a "violent felony," the government was not required to produce any additional evidence of the violent nature of these crimes. Accordingly, Terry cannot show error, plain or otherwise.

Aggravated robbery is not one of the enumerated offenses listed in 18 U.S.C. § 924(e)(2)(B)(ii). Therefore, this offense only qualifies as a "violent felony" if it either "has as an

element the use, attempted use, or threatened use of physical force against the person of another,"

*see* 18 U.S.C. § 924(e)(2)(B)(i), or "otherwise involves conduct that presents a serious potential risk

of physical injury to another," *see id.* § 924(e)(2)(B)(ii).

In determining whether a particular offense qualifies as a "violent felony," this court

generally follows a categorical approach "limited to an examination of the fact of conviction and the

statutory definition of the predicate offense." *United States v. Hargrove*, 416 F.3d 486, 494 (6th

Cir. 2005) (internal citations and quotation marks omitted). If, however, "the prior offense is defined

broadly enough for it to encompass some offenses that meet the ACCA's definition of a 'violent

felony' and some that do not," a two-part exception exists. *See id.* If this situation arises where the

prior conviction resulted from a jury trial, the district court may also consider the charging document

filed in the court of conviction and any jury instructions. *Shepard v. United States*, 544 U.S. 13, 17,

20 (2005) (discussing *Taylor v. United States*, 495 U.S. 575 (1990)). If the prior conviction resulted

from a guilty plea, in addition to the statute of conviction and the charging document, the court may

look to "'the terms of a plea agreement or transcript of colloquy between judge and defendant in

which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial

record of this information' to determine whether the violent or non-violent aspect of the statute was

violated." *United States v. Armstead*, 467 F.3d 943, 947-48 (6th Cir. 2006) (quoting *Shepard*, 544

U.S. at 26).

But none of the evidence *permitted* under the *Taylor* and *Shepard* exceptions is *necessary*

when an offense categorically qualifies as a violent felony. *See, e.g., United States v. Sanders*, 470

F.3d 616, 620 (6th Cir. 2006) ("*Sanders II*") ("[T]he statutory definition of aggravated robbery is

sufficient to support the conclusion that the conviction constitutes a violent felony under the

ACCA.")

Applying the categorical approach in this case, we first look to the fact of conviction and the

statutory definition of aggravated robbery under Ohio law. *See Hargrove*, 416 F.3d at 494. Again,

Terry does not contest the fact of his three aggravated robbery convictions.

Determining the definition of aggravated robbery under Ohio law at the time of Terry's

offenses is somewhat more challenging because the government has not indicated—at the sentencing

hearing or now on appeal—which Ohio statutory provision applies to Terry's aggravated robbery

offenses.[2] In any event, aggravated robbery is contained in Ohio Rev. Code § 2911.01(A). Prior to

1983, this statute provided:

> No person, in attempting or committing a theft offense as defined in Section 2913.01
> of the Ohio Revised Code, or in fleeing immediately after such attempt or offense,
> shall do either of the following:
>
> (1) Have a deadly weapon or dangerous ordnance as defined in Section 2923.11 of
> the Revised Code on or about his person or under his control;
>
> (2) Inflict, or attempt to inflict serious physical harm on another.

---

[2] None of the documents in the joint appendix—the sentencing hearing, the indictment in this case, the notice of enhancement, and the revised PSR—provide the applicable Ohio statute for aggravated robbery. While the government provided the district court with certified copies of the conviction for the sentencing hearing, these documents are not included in the joint appendix. The omission of the exact statutory provision in documents used to prove that prior convictions qualify under the ACCA has been problematic in other instances. *See Sanders*, 404 F.3d at 989 (concluding that the court could not determine whether prior offenses constituted violent felonies where, in addition to omitting the applicable statutory provision, the PSR gave conflicting information as to whether the offenses consisted of robbery or burglary). But here there is no question that Terry's offenses consisted of aggravated robbery.

7

*See State v. Byrd*, 1980 WL 352572, at *2 (Ohio Ct. App. Dec. 12, 1980) (quoting Ohio Rev. Code § 2911.01). A 1983 statutory amendment made no change to the substantive § 2911.01(A) offense, but reclassified this violation from a "felony of a first degree" to an "aggravated felony of the first degree." *See Sanders II*, 470 F.3d at 620 n.3 (citing *State v. Goodwin,* No. 83AP-599, 1984 WL 6021, at *1 (Ohio Ct. App. Dec. 6, 1984)); *see also* Ohio Rev. Code § 2911.01 (B) (1983). This amended version of the statute was in effect until July 1, 1996. *See* Ohio Rev. Code Ann. § 2911.01.

This court has concluded that a § 2911.01(A) offense categorically qualifies as a violent felony under the ACCA because, pursuant to 18 U.S.C. § 924(e)(2)(B)(ii), it "involves conduct that presents a serious potential risk of physical injury to another." *See Sanders II*, 470 F.3d at 620-22 & n.5 (concluding that § 2911.01(A) "substantially corresponds to the definition of violent felony under the ACCA") (internal citation and quotation marks omitted)). Moreover, the *Sanders II* court specifically noted that the 1983 amendment to the statute was of no consequence to this determination. *Id.* at 620 n.3. Thus, the *Sanders II* holding applies to both Terry's 1981 and 1991 convictions for aggravated robbery.

Because Terry's aggravated robbery offenses categorically qualify as "violent felonies" for the purposes of the ACCA, it was not necessary for the government to produce additional evidence indicating the violent nature of these offenses. Accordingly, Terry is unable to show error.[3]

---

[3] Given that it was the government's burden to establish that Terry committed three violent felonies, the government should have provided the district court with the relevant Ohio statutory provision governing aggravated robbery. It is unclear from the record whether the government did so. Regardless, the district court correctly concluded that Terry qualified as a career criminal.

**2.**

Terry also contends that the § 924(e)(1) enhancement should not apply because his two March 1981 convictions occurred more than 25 years ago. But as the district court noted, the age of the convictions is not relevant to whether § 924(e)(1) applies. *United States v. King*, 516 F.3d 425, 432 (6th Cir. 2008).

**3.**

Nor, contrary to Terry's third assertion, does it matter that the two March 1981 offenses were consolidated for sentencing. So long as two criminal offenses are "committed on occasions different from one another," the fact that they are adjudicated together is of no consequence to whether they are separate offenses under § 924(e)(1). *United States v. Hayes*, 951 F.2d 707, 709 (6th Cir. 1991). Terry's two robberies of different victims on different dates[4] clearly constitute offenses "committed on occasions different from one another." *Compare United States v. Hill*, 440 F.3d 292, 298 (6th Cir. 2006) (burglaries of two victims' properties located across the street from each other, committed on the same day, qualified as offenses "on occasions separate from one another" because the first burglary was completed before the second one commenced and defendant could have ceased his criminal activity after committing the first burglary).

---

[4] Again, there is some confusion as to the dates of the offenses. But at the very least, the offenses occurred three days from one another; according to the revised PSR, they occurred more than two weeks from one another.

**4.**

Finally, Terry suggests that the district court erred by strictly applying 18 U.S.C. § 924(e)(1). Here Terry confuses the Guidelines with the § 924(e)(1) mandatory statutory enhancement provision. *United States v. Booker*, 543 U.S. 220 (2005) provides district courts discretion to sentence a defendant outside *the Guidelines*. But once a district court finds that a defendant qualifies as an armed career criminal under § 924(e)(1), it is required to sentence that defendant to "not less than fifteen years." *See* 18 U.S.C. § 924(e)(1); *see also United States v. Vanhook,* 510 F.3d 569, 577 (6th Cir. 2007) ("The 180-month sentence is . . . the *mandatory* minimum under the ACCA for an armed career criminal) (emphasis added). *Booker* discretion did not eliminate the district court's obligation to abide by 18 U.S.C. § 924(e)(1).

**III.**

For the foregoing reasons, we affirm.