NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0797n.06
Filed: September 20, 2005

No. 04-6265

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DONALD WARWICK, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: COLE and ROGERS, Circuit Judges; BECKWITH, District Judge.[*]

ROGERS, Circuit Judge. Donald Warwick was convicted of attempting to manufacture methamphetamine, possession of equipment and chemicals used to manufacture methamphetamine, and aiding and abetting. He appeals his sentence of eighty-four months' imprisonment. Warwick argues on appeal only that the district court improperly placed Warwick in criminal history category VI under the United States Sentencing Guidelines, which caused the court to impose a harsher sentence. One of the factors in Warwick's criminal history was a 1998 Arkansas conviction for failure to appear ("the 1998 conviction"). Warwick contends that the Government did not meet its burden of proving the existence of this prior conviction. Alternatively, Warwick argues, the prior conviction was constitutionally invalid because Warwick was not present and was without counsel

---

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

when the conviction was handed down. The district court properly found, by a preponderance of the evidence, that the 1998 conviction existed. Further, Warwick's collateral attack on the 1998 conviction fails, because he did not present evidence that he was completely deprived of the right to counsel. Therefore, we affirm.

On March 20, 2004, Warwick and his wife, Dolores A. Warwick, were indicted in the United States District Court for the Western District of Tennessee, on five counts relating to the manufacture and possession of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a), 843(a)(6), and 858. The indictment also alleged that each defendant aided and abetted the other in the crimes in violation of 21 U.S.C. § 2. JA 8-12.

On July 8, 2004, Donald Warwick entered into a plea agreement. Warwick agreed to plead guilty to two counts of the indictment, and the Government agreed to dismiss three counts. JA 13. The presentence investigative report ("PSR") later prepared by a probation officer gave Warwick a total criminal history score of 13, which corresponded to criminal history category VI. JA 61, 73; *see* USSG Ch. 5 Pt. A. (sentencing table) (2003). The score of 13 included two points for a conviction in West Memphis, Arkansas, for failure to appear. JA 60. The PSR noted that the date of the conviction was unknown; Warwick was sentenced to "1 year, time served." *Id.* The PSR noted, "The defendant was arrested on February 5, 1998 for Failure to Appear. The underlying charge for which he did not appear is unknown. He was fined, ordered to pay court costs, and sentenced to one year imprisonment with credit for time served." *Id.* If the failure to appear

conviction had not been included, Warwick would fall in criminal history category V, with a correspondingly lower Guidelines sentencing range, rather than VI.

Warwick filed a position paper responding to the PSR. Warwick's position paper objected "to the two points assigned to his criminal history level [for the failure to appear conviction], and takes the position that since the disposition of said case is 'unknown' that he should not be assessed the two given criminal history points." JA 19.

At the sentencing hearing, the district court determined a total offense level of 30 under the Guidelines, and that determination is not challenged on appeal. JA 30. Counsel for Warwick objected to placing Warwick in criminal history category VI, on the grounds that the 1998 conviction was "at best a voidable offense." JA 33. Counsel asserted that Warwick was charged with a "no seatbelt violation" in Arkansas, and a hearing was scheduled for February 5, 1998. On February 3, 1998, counsel argued, Warwick was extradited to Texas because he had violated probation on a Texas offense; Warwick was incarcerated in Texas on the date of his Arkansas hearing.

The Government introduced no evidence to prove the existence of the 1998 conviction. Nonetheless, counsel for Warwick acknowledged, "I actually received something this morning from probation," and the probation officer stated (but did not testify) that he had procured the records of conviction. JA 33-34. Warwick's counsel, similarly, presented no evidence to support her argument that the conviction was constitutionally infirm. She noted, however, that the record before the

district court supported her theory, because (1) the Arkansas sentencing court gave Warwick "credit for time served," thus suggesting that he was incarcerated elsewhere at the time of sentencing for the failure to appear violation; and (2) a bond report in the record showed that Warwick was in custody in Texas on February 5, 1998, the date he was charged with failure to appear. JA 35-36.

The court found that the 1998 conviction existed. The court noted, "[T]here is no dispute, as I understand it, that that is his criminal history. There may be an explanation for it, but there is no dispute about it. Is that a fair statement, Ms. Jermann?" Counsel for Warwick responded that the statement was fair. The court found that it would not make any change to the criminal history.

Normally, a total offense level of 30 and a criminal history category of VI would mandate a sentence range of 168-210 months. The Government moved for a downward departure under USSG § 5K1, and recommended an adjustment to half of the sentence term. The court granted the motion and sentenced Warwick to 84 months' imprisonment, as well as two years of supervised release and a restitution payment. JA 44. Warwick timely appealed. With the criminal history category of V for which Warwick contends on appeal, the Guidelines sentencing range would have been 151-188 months, as opposed to 168-210 for category VI.

We review for clear error the district court's factual finding that Warwick was convicted in 1998 for failure to appear. *See United States v. Hough*, 276 F.3d 884, 896 (6th Cir. 2002). Whether Warwick was deprived of the right to counsel, and therefore whether the 1998 conviction is constitutionally infirm, is a mixed question of law and fact reviewed de novo.

Because Warwick did not, at sentencing, earnestly dispute the fact of his 1998 conviction, and because no precedent of this court requires documentary evidence of a conviction in order for the district court to include the conviction in a defendant's criminal history, the district court did not clearly err when it concluded that the 1998 conviction existed. The district court found at the sentencing hearing that there was "no dispute" that Warwick was actually convicted for failure to appear before an Arkansas state court in 1998. JA 36. Warwick's counsel agreed that this statement was "fair," but she also argued that the offense was at best, voidable. *Id.* On appeal, Warwick asserts, "The Government failed to introduce evidence meeting the minimum indicia of reliability . . . to support the allegation that the defendant was convicted in Arkansas." Appellant's Br. at 16. The Government, in response, argues that Warwick has forfeited this argument by failing to raise it below, and that therefore this court should review for plain error the district court's determination that the conviction existed.

As an initial matter, Warwick did not forfeit this challenge. Despite not arguing clearly either in his position paper or at sentencing that the conviction did not exist, Warwick provided adequate notice to the district court that he objected to the inclusion of the 1998 conviction in his criminal history score.

The district court did not commit clear error by finding that the 1998 conviction existed. The Government bears the burden of proving by a preponderance of the evidence the existence of a factor used to support a Guidelines-sentencing enhancement. *United States v. Gibson*, 985 F.2d 860, 866 (6th Cir. 1993). Similarly, the Government bears the burden of proving the existence of prior

convictions used to determine the defendant's criminal-history category under the Guidelines. *United States v. Unger*, 915 F.2d 759, 760 (1st Cir. 1990). If the court finds that a conviction occurred, the burden shifts to the defendant to demonstrate that the conviction was constitutionally infirm. *United States v. Hoffman*, 982 F.2d 187, 191 (6th Cir. 1992). This court has not yet confronted a case in which a defendant, rather than collaterally attacking the constitutionality of a conviction used to support his Guidelines criminal history category, argued that the conviction did not exist. Circuits that have addressed the question have concluded that the Government may satisfy its burden by producing the record of conviction, *see Unger*, 915 F.2d at 761 (dictum); by requesting the court to take judicial notice of conviction records attached as an addendum to the PSR, *see United States v. Ceballos-Rios*, No. 98-1367, 1999 WL 258327, at *1 (10th Cir. 1999); or by producing a certified docket sheet, where the defendant presents no contradictory evidence, *see United States v. Simpson*, 94 F.3d 1373, 1381 (10th Cir. 1996) (dictum). *See also United States v. Price*, 409 F.3d 436, 444 (D.C. Cir. 2005) (holding that where the defendant contests the fact of a prior conviction included in his criminal history in the PSR, the Government must "demonstrate that the description in the report is based on a sufficiently reliable source to establish the accuracy of that description").

Warwick argues principally that the conviction's existence was not established because the Government failed to introduce the conviction documents into evidence, to attach them to the PSR,

or even to call the probation officer to the stand to testify to their existence.[1] Two points undercut this argument. First, although the parties did not explicitly stipulate that they had received the conviction documents, that appears to be the case from the sentencing transcript. The probation officer, responding to a question from the court, stated, "I have a copy of the records, Your Honor." JA 34. When Warwick's counsel introduced the topic of the 1998 conviction, she stated:

---

[1]To argue that the Government failed to provide enough evidence to prove the 1998 conviction, Warwick relies on flawed analogies to two lines of cases. First, Warwick argues, the Government's burden to demonstrate the existence of the conviction is the same quantum of proof required to prove other facts justifying Guidelines sentencing enhancements, such as whether the commission of an offense involved more than minimal planning, and whether the offense created a serious risk of bodily harm. *See* Appellant's Br. at 13-14 (citing *United States v. McMeen*, 49 F.3d 225 (6th Cir. 1995); *United States v. Greene*, 71 F.3d 232 (6th Cir. 1995)). It is true that the Government must prove by a preponderance of the evidence both facts supporting (post-*Booker*, advisory) sentencing enhancements, and the fact of prior convictions that contribute to the defendant's criminal history score. Nonetheless, the fact of a prior conviction is different from other facts supporting enhancements, in that recidivism is "the most traditional basis for a sentencing court's increasing an offender's sentence." *Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998). The Court in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005) therefore excepted the fact of a prior conviction from its holding that facts mandating an increase in the defendant's sentence must be admitted by the defendant or proved to the jury beyond a reasonable doubt. The line of cases culminating in *Booker* counsels against a holding that the sentencing court must require the Government to supply the same sort of proof of a prior conviction, as is required to justify a conduct-related enhancement.

Warwick also analogizes the district court's finding of a prior conviction justifying criminal history points to a sentencing court's determination of whether a prior conviction constitutes a "violent felony" under the Armed Career Criminal Act ("ACCA"). Appellant's Br. at 16 (citing *United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir. 1990), for the proposition that a court must have before it the judgment of conviction to determine whether the defendant's prior conviction was for a crime of violence). This analogy is also inapt. The most recent Supreme Court case to address the scope of the ACCA "violent felony" determination, *Shepard v. United States*, __ U.S. __, 125 S. Ct. 1254 (2005), held that sentencing courts may consider a narrow range of documents, in addition to the judgment of conviction, to determine whether a prior crime to which the defendant pled guilty fits within this category. *Id.* at 1263. The inquiry here, whether the Government has furnished sufficient evidence to prove merely that a conviction exists, is distinguishable for the present purpose.

> Your Honor, concerning Paragraph 34, and there are two points assigned to his Criminal History at level VI. I believe it was called a failure to appear. And it would be my position that—and I actually received something this morning from probation—at best it's a voidable offense.

JA 33. After this, counsel's argument focused not on whether the conviction existed, but instead on the argument that Warwick was physically unable to appear in court in Arkansas on February 5, 1998, because he was incarcerated in Texas. At the end of the colloquy about the 1998 conviction, the court asked, "Do you want to look at the—" Counsel for Warwick replied that she already had a copy. JA 38. In addition, counsel for Warwick conceded that it was fair to say that the 1998 conviction comprised part of Warwick's criminal history. JA 36. In light of these facts, we cannot find that there was insufficient evidence of the conviction. The district court properly found by a preponderance of the evidence that the conviction existed.

Warwick next seeks to attack collaterally the 1998 conviction, on the grounds that the conviction was procured in violation of his right to counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963). The Government argues that Warwick forfeited this argument by failing to raise it before the district court, and that therefore a plain error standard of review applies. In addition, the Government argues, Warwick conflates the issue of whether he failed to appear for court on February 5, 1998 (the predicate for the 1998 conviction) with the issue of whether he was present or represented by counsel when he was later *convicted* for failure to appear. The Government's arguments are persuasive; Warwick did not meet his burden of proving by a preponderance of the evidence that his conviction was procured in violation of his right to counsel.

Although Warwick raised the point below at best inartfully, we do not conclude that Warwick forfeited his constitutional challenge to the inclusion of the 1998 conviction in his criminal history score. Warwick arguably raised the issue sufficiently to place the Government on notice of it as a ground for appeal.

Unless a collateral attack is "otherwise recognized in law," the Guidelines do not permit a criminal defendant to attack collaterally a conviction that forms a basis for the defendant's criminal history score. USSG § 4A1.2, cmt. 6 (2003). *Custis v. United States*, 511 U.S. 485 (1994), "otherwise recognized" such a right of collateral attack. *Custis* held that defendants may attack convictions used to enhance their sentences under the ACCA only on the grounds that the defendant was completely deprived of the right to counsel under *Gideon*. *Custis*, 511 U.S. at 496. *Custis* has also been held to apply to collateral attacks on convictions used to enhance a sentence under the Guidelines. *See United States v. Bonds*, 48 F.3d 184, 186 (6th Cir. 1995).

Warwick's claim fails because he did not present evidence that he was convicted in absentia, without counsel, for failure to appear. Because of the presumption of regularity that attaches to final judgments, *Parke v. Raley*, 506 U.S. 20, 24 (1992), a defendant collaterally attacking the constitutional validity of a prior conviction used to enhance a sentence bears the burden of proving the complete denial of the right to counsel. *United States v. Hoffman*, 982 F.2d 187, 191 (6th Cir. 1992) (defendant bears burden of proof); *Custis v. United States*, 511 U.S. 485, 496 (1994) (defendant must prove that he was completely deprived of the right to counsel under *Gideon*). The absence of a sentencing transcript demonstrating that the defendant waived his right to counsel does

not create a presumption that the defendant's conviction violated the Sixth Amendment. *Raley*, 506 U.S. at 31. This court has held in an unpublished opinion that, where the Government furnished some evidence that the defendant had an attorney, and the defendant failed to present any proof on the issue other than through argument of defense counsel, the defendant failed to meet his burden of proof. *United States v. Vasquez-Lopez*, No. 03-5944, 2004 WL 1367486, at *2 (6th Cir. June 15, 2004). A sister circuit has held that even where records of the conviction, which would indicate whether the defendant was represented, have been destroyed, the defendant must put on some evidence; at minimum, he must submit an affidavit stating that he was denied the right to counsel. *United States v. Bush*, 405 F.3d 909, 922 (10th Cir. 2005). Warwick did not testify that he was deprived of counsel in the 1998 conviction, or submit an affidavit to this effect.[2] Warwick has not met his burden of demonstrating a constitutionally infirm conviction because he failed to argue, much less prove, that he was not present and was unrepresented by counsel when the Arkansas court convicted him for failure to appear.[3]

Warwick finally contends that the Government was required by 21 U.S.C. § 851(a)(1) to file an information, before Warwick's guilty plea on the drug charges at issue in this case, stating that

---

[2]On appeal, Warwick relies on the district court's comment at sentencing that Warwick "wasn't represented and wasn't there" when he failed to appear on February 5, 1998. However, Warwick's absence on February 5 does not imply that at some later time, when Warwick was convicted for failure to appear, he was also absent.

[3]Warwick argues that the district court disregarded Supreme Court precedent when it "rejected [Warwick's] contention that he could collaterally attack his convictions." Appellant's Br. at 19. This argument ignores Warwick's own failure to contest the 1998 conviction specifically on *Gideon* grounds at sentencing.

the Government planned to use previous convictions to enhance Warwick's sentence. Warwick concedes that this court held in *United States v. Brannon*, 7 F.3d 516, 521 (6th Cir. 1993), that § 851 applies in cases involving statutory sentencing enhancements, but not sentencing enhancements under the Guidelines. The present case does not involve a statutory sentence enhancement. *Brannon* is good law, and controls here. Therefore Warwick's argument fails.

Warwick raises no argument that the district court erred in treating the Guidelines as mandatory. *See United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 757 (2005). Warwick's main brief was filed after *Booker* was handed down, and indeed it cites *Booker* for a different proposition.

For the foregoing reasons, we AFFIRM Warwick's sentence.