In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2629

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BRANDEN L. KING,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 09 CR 20040—**Michael P. McCuskey**, *Chief Judge.*

ARGUED APRIL 1, 2011—DECIDED JULY 7, 2011

Before EASTERBROOK, *Chief Judge*, and BAUER and EVANS, *Circuit Judges*.

BAUER, *Circuit Judge*. A jury convicted defendant-appellant Branden L. King of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and he was sentenced to 210 months' imprisonment. King challenges the sentencing court's application of the Armed Career Criminal Act ("ACCA") as well as the sufficiency of the evidence used to prove possession. For the following reasons, we affirm King's conviction and sentence.

## I. BACKGROUND

On May 10, 2009, King was pulled over after officers observed him not wearing his seatbelt and failing to use a turn signal. During the stop, the officers discovered that King was driving on a suspended license and arrested him. The officers performed a routine inventory search of King's car, which was registered under King's name, and discovered a shotgun in the back seat of the car under a coat. King had previously been convicted of a felony, so he was charged with being a felon in possession of a firearm. The case was tried by a jury.

A forensic examination of the shotgun did not produce a complete set of fingerprints and was inconclusive. But, at trial the government introduced a witness, Shamion McWilliams, a friend of King, who identified the shotgun as the gun that she had seen King take to a gun shop for repairs, and she said that she had seen it in King's possession on multiple occasions. The government also introduced testimony from Richard Vaughn, the owner of the gun shop, who stated that he remembered King bringing his shotgun in for repair; Vaughn identified the shotgun as being the same gun King brought into his shop.

At the close of the government's case, King moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, which the district court denied. He renewed the motion after announcing that he would not testify or present witnesses, and the district court denied the motion a second time. The jury found King guilty.

A presentence report ("PSR") calculated King's base offense level at 24. The PSR also noted King's three prior convictions for violent felonies—burglary, armed robbery, and conspiracy to commit armed robbery—and concluded that King qualified as an Armed Career Criminal, increasing King's offense level to 33. This designation, along with King's criminal history, resulted in an advisory Guidelines range of 210 to 262 months. The district court sentenced King to 210 months in prison.

## II. ANALYSIS

### A. Armed Career Criminal Status

King appeals his sentence, arguing that the trial court erred by refusing to consider the charging instrument when analyzing whether any of King's prior convictions constituted a violent felony for purposes of the ACCA designation.

Whether a prior conviction qualifies as a "violent felony" for purposes of the ACCA is a question of law that we review de novo. *United States v. Wallace*, 326 F.3d 881, 886 (7th Cir. 2003).

Under the ACCA, 18 U.S.C. § 924(e), an offender who is convicted under 18 U.S.C. § 922(g) as a felon in possession of a firearm and who has three previous convictions for a violent felony or serious drug offense receives a mandatory minimum 15-year prison sentence. The statute defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened

use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Specifically, the Supreme Court has interpreted burglary under the ACCA to be considered a violent felony only if it is "generic burglary," that is, burglary committed in a building or enclosed space. *Shepard v. United States*, 544 U.S. 13, 16-17 (2005) (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990)). In opposition to "generic burglary" is "non-generic burglary," which can exist when a statute defines burglary more broadly, such as by extending the act to entries into boats and cars. *Id.* at 17.

Generally, when making a career offender determination, a sentencing court is prohibited from looking into particular facts of the case and is required to take a categorical approach, which limits the court to considering only the fact of conviction and the statutory elements of the offense. *Id.* (citing *Taylor*, 495 U.S at 602). However, when a statute is divisible and pertains to an offense, such as burglary, where some offense conduct could constitute a violent felony (such as generic burglary) while some would not (such as non-generic burglary), the court may expand its inquiry to a limited set of additional materials in order to determine whether the defendant violated the portion of the statute that constitutes a violent felony. *United States v. Woods*, 576 F.3d 400, 404 (7th Cir. 2009).

King argues that the sentencing court did not look beyond the fact of conviction when making the deter-

mination that King was a career offender and argues that, at a minimum, the sentencing court should have conducted a further analysis to determine whether the statute under which King was convicted was a divisible burglary statute.

We need not spend a lot of time on this argument. An assessment of the divisibility of the Illinois burglary statute has no effect on King's career offender status because the record makes clear that King's particular conviction at issue—burglary by entering a Cub Foods building—was a generic burglary offense that on its face fell within the ACCA's definition of a violent felony. King pleaded guilty to burglary; thus, he admitted the intent to commit a crime within a building or enclosed space. Because burglary is a violent felony for purposes of the ACCA if committed in a building or enclosed space, the district court did not err in using King's prior burglary conviction as a qualifying conviction under the ACCA.

### B.  Sufficiency of the Evidence

We give a jury verdict great deference and will uphold it if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Hicks*, 368 F.3d 801, 804-05 (7th Cir. 2004). We will not reweigh evidence or second-guess the jury's credibility determinations. *United States v. Stevens*, 453 F.3d 963, 965 (7th Cir. 2006) (quoting *United States v. Gardner*, 238 F.3d 878, 879 (7th Cir. 2001)).

King argues that witnesses called by the government did not provide sufficient evidence to convince the jury that the essential elements of the crime were proven beyond a reasonable doubt. Specifically, King argues that the testimony of multiple witnesses was inconsistent and incomplete and that the government did not prove the possession element of the crime. We disagree.

The government presented the testimony of Sharon "Kay" Harvey, who sold the car to King less than a month prior to his arrest. She testified that she had re-moved all items from the car when she sold it to King, and that she did not own a shotgun and had not left a shotgun in the car. The government also introduced testimony from one of King's friends, Shamion Mc-Williams. She testified that approximately eighteen days before King's arrest, she had driven King to a gun repair shop to get his shotgun repaired. Though she could not describe the gun with great accuracy, when shown the shotgun that was found in King's car, McWilliams stated that she was "100 percent sure" that the shotgun was the same gun she had seen previously in King's possession. The government then introduced Richard Vaughn, the owner of the gun shop, who remem-bered King and testified that he was "99.9 percent sure" that the shotgun found in King's car was the same gun he had repaired.

At oral argument, King attempted to analogize his case to *United States v. Chairez*, 33 F.3d 823 (7th Cir. 1994). In *Chairez*, we found that the defendant's conviction

for carrying a firearm during or in relation to a drug trafficking crime was not supported by sufficient evidence when a handgun was found in the car in which the defendant was riding. King ignores the many differences between his own case and the defendant in *Chairez*. In *Chairez*, the car in which police found the handgun was registered to an unidentified woman and not registered to or owned by the defendant. There was more than one occupant in the car at the time the gun was found, and the defendant was merely a passenger in the front seat. The government in that case presented no evidence that the defendant had ever owned or carried a firearm, and the gun was not traced to him in any way. Here, the car in which police found the shotgun was owned by and registered solely in King's name. King was the sole occupant of the vehicle. The government presented testimony from multiple individuals that linked King to the shotgun. Viewing this evidence in the light most favorable to the government, sufficient evidence supports King's conviction for being a felon in possession of a firearm.

## III. CONCLUSION

For the reasons set forth above, we AFFIRM King's conviction and sentence.