**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0127n.06

**No. 10-6403**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

**Feb 02, 2012**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      **Plaintiff-Appellee,**

v.

ANGILITO SOSA,

      **Defendant-Appellant.**

          /

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE**

**BEFORE:**    **CLAY, SUTTON, and STRANCH, Circuit Judges.**

      **CLAY, Circuit Judge.**  Defendant Angilito Sosa appeals his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Sosa argues that his prior state conviction for burglary should not have been counted as a predicate "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). For the reasons set forth below, we **AFFIRM**.

**BACKGROUND**

      On October 27, 2009, a federal grand jury indicted Sosa on two counts of being a felon in possession of a firearm. Pursuant to a written plea agreement, Sosa pleaded guilty to one count, and the government dismissed the other. The plea agreement recommended a sentence at the low end of the Sentencing Guidelines (the "Guidelines" or "USSG") or the statutory minimum sentence, whichever was higher.

The district court relied on a presentence report ("PSR") to determine Sosa's sentencing range under the Guidelines. The PSR recommended that Sosa receive an enhancement as an armed career criminal, based on two prior convictions for aggravated robbery and a prior conviction in Illinois for burglary.

Sosa objected to the PSR's calculations, arguing that the burglary conviction should not have been counted as an ACCA predicate offense. Specifically, Sosa argued that he was a juvenile when the burglary was committed, and thus the government needed to prove that the offense involved the use or carrying of a firearm, knife, or destructive device. *See* 18 U.S.C. § 924(e)(2)(B). The government contended that § 924(e)(2)(B)'s requirement did not apply, because Sosa had been sentenced as an adult.

At the guilty plea and sentencing hearing, Sosa conceded that his argument was meritless if he was sentenced as an adult. However, Sosa modified his position and instead argued that the government had not sufficiently proved that he was, in fact, tried and convicted as an adult.

The district court rejected Sosa's arguments and held that the burglary conviction qualified as an ACCA predicate offense. The court found Sosa to be an armed career criminal and sentenced him to the statutory mandatory minimum of 180 months imprisonment.

Represented by new counsel, Sosa timely appealed. Original jurisdiction exists pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291.

**ANALYSIS**

On appeal, Sosa abandons his earlier arguments and offers a theory that he did not present to the district court. He now argues that Illinois' burglary statute embraces both "generic" and "non-

generic" burglaries and that the documents presented at his federal sentencing did not prove that he was convicted of a generic burglary. Because only generic burglaries qualify as violent felonies under the ACCA, he challenges the sufficiency of the evidence supporting the enhancement.

Typically, this Court reviews a district court's determination that an offense is a "violent felony" under the ACCA *de novo*. *United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011) (internal citations omitted). However, if a party fails to raise an objection and articulate the grounds on which it is based before the district court, this Court instead reviews the district court's judgment for plain error. *United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008) (citing *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004)). Because Sosa did not present the current argument to the district court, the plain error standard applies.

Reversal for plain error requires the defendant to show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected the defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466–67 (1997).

## A.     Statutory Framework

The ACCA mandates a fifteen-year minimum sentence for a defendant convicted under § 922(g) when the defendant has three or more prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA further defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that (i)
> has as an element the use, attempted use, or threatened use of physical force against
> the person of another, or (ii) is burglary, arson, or extortion, involves use of

explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Thus, there are three types of crimes that qualify as violent felonies under the ACCA: those having an element of physical force under subsection (i); the enumerated offenses under subsection (ii), and conduct that otherwise presents a "serious potential risk of physical injury to another" under the "residual clause" of subsection (ii). *See United States v. Mansur*, 375 F. App'x 458, 463 (6th Cir. 2010) (citing *United States v. Young*, 580 F.3d 373, 377 (6th Cir. 2009)).

In order for an offense to be counted under § 924(e)(2)(B)(ii)'s residual clause, the crime must be "roughly similar, in kind as well as in degree of risk posed," to the felonies enumerated under the statute. *Begay v. United States*, 553 U.S. 137, 143 (2008). Most ACCA qualifying offenses involve "purposeful, violent, and aggressive conduct." *Id*. at 144–45. However, the Supreme Court recently clarified that an offense may qualify as a "violent felony" by reference to the risk of harm and the *mens rea* involved. *Sykes v. United States*, 131 S. Ct. 2267, 2275 (2011).

In determining whether a prior conviction meets these standards, we use a two-step analysis. First, we apply a "categorical approach," looking to the statutory definition of the offense and not the particular facts underlying the conviction. *Taylor v. United States*, 495 U.S. 575, 600 (1990). If it is possible to violate the statute in a way that would constitute a "violent felony" and in a way that would not, we apply a "modified categorical approach," in which we consider the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010).

Under Illinois law, a person commits burglary when he:

4

knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle [as defined in the Illinois Vehicle Code], railroad car, or any part thereof, with intent to commit a felony or theft.

720 Ill. Comp. Stat. 5/19-1(a).[1]

The ACCA enhancement attaches to burglary only in "the generic sense in which the term is now used in the criminal codes of most States." *Taylor*, 495 U.S. at 598 (internal citations omitted). The generic form of burglary has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 599. By contrast, the ACCA enhancement does not attach to so-called non-generic burglaries, such as those involving non-building structures, like boats, vehicles, vending machines, et cetera. *Id.* In order to determine whether a defendant was convicted of a generic or a non-generic burglary, we apply the modified categorical approach. *Id.* at 602.

**B.     *Shepard* Documents**

Sosa's conviction must be considered under *Taylor*'s modified categorical approach because Illinois' burglary statute embraces both generic and non-generic burglaries. *See United States v. King*, 643 F.3d 1003, 1005 (7th Cir. 2011); *United States v. Wilson*, 168 F.3d 916, 928 (6th Cir. 1999). Accordingly, we must determine whether the evidence was sufficient for the district court to find that Sosa pleaded guilty to the burglary of a building. The government is charged with

---

[1]Under Illinois law, a Class 2 felony carries a sentence of three to seven years imprisonment, whereas a Class 1 felony carries a sentence of four to fifteen years imprisonment. *See* 730 Ill. Comp. Stat. 5/5-8-1.

proving the facts supporting the enhancement by a preponderance of the evidence.[2]  *See United States v. Warwick*, 149 F. App'x 464, 467 n.1 (6th Cir. 2005).

In answering this question, we may only consider: (1) the terms of the charging document, (2) the terms of a plea agreement, (3) a transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or (4) some comparable judicial record of this information.  *Shepard v. United States*, 544 U.S. 13, 26 (2005).  These so-called *Shepard* documents are permissible to establish an ACCA enhancement because they tend to establish what facts the defendant "necessarily admitted" upon pleading guilty to the prior offense.  *Id*.

By contrast, we may not reference other supporting documents, such as police reports or complaint applications.  *Id*. at 21.  We refuse to indulge a broader inquiry because doing so risks introducing unproven, disputed facts in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and encourages mini-trials on the nature of the defendant's prior conviction.  *Shepard*, 544 U.S. at 24–25.  Accordingly, we look only to those documents reflecting the jury's findings (including charging documents and jury instructions), bench trial findings and rulings, "or the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea."  *Id*. at 25.

Consistent with *Shepard*'s "comparable judicial record" provision, courts have been cautious about expanding the range of permissibly considered evidence beyond *Shepard*'s restricted set of documents.  *See United States v. Dancy*, 640 F.3d 455, 466 (1st Cir. 2011); *United States v. Aguila-*

---

[2]Sosa attempts to argue that because facts supporting an ACCA enhancement must be "necessarily" proved under *Shepard*, the government was required to prove these facts beyond a reasonable doubt. (Def.'s Br. 18.) This argument is specious; a different quantum of proof applies to proving the existence of a conviction than is required to prove the facts underlying it. *See Warwick*, 149 F. App'x at 467 n.1.

*Montes de Oca*, 655 F.3d 915, 938 (9th Cir. 2011) (*en banc*). For instance, likening a PSR to a police report, this Court has found that it is improper for a district court to rely on a probation officer's description of a prior offense to determine whether an ACCA enhancement applies. *See United States v. Wynn*, 579 F.3d 567, 576–77 (6th Cir. 2009). Likewise, we circumscribe our review of prior indictments only to those facts "essential to the offense." *United States v. Gardner*, 649 F.3d 437, 444 (6th Cir. 2011) (citing *United States v. Arnold*, 58 F.3d 1117, 1124 (6th Cir. 1995); *United States v. Armstead*, 467 F.3d 943, 949 (6th Cir. 2006)).

**C.    Application**

With this framework in mind, we turn to the evidence showing that Sosa's prior conviction involved the burglary of a building.

The government presents several pieces of evidence: (1) the PSR, which describes the offense as a burglary of a building; (2) statements by defense counsel at the sentencing hearing, in which counsel conceded that the burglary involved a used car lot and a building; (3) the "Information and Amended Information," which described the offense as involving a building; (4) the "Mittimus," which showed an adjudication of guilt for "burglary and theft [] as set forth in the charge on file in this cause;" (5) the order of discharge from probation; and (6) the docket sheet.

Of this evidence, only the Information, Amended Information, and Mittimus constitute *Shepard*-eligible evidence. In Illinois, the Information is a formal charging document made out by a prosecutor when charging a crime without grand-jury indictment. *See* Black's Law Dictionary (9th ed. 2009). Similarly, the Mittimus functions like an order of detainment after the defendant is adjudged guilty. *Id*. Because both a charging document and a judgment are the sorts of documents

reviewable under *Shepard*, this evidence may be considered to determine whether Sosa qualified for an ACCA enhancement.

The Mittimus does not contain any detail to determine whether Sosa's burglary involved a building or some other structure. However, the Information and the Amended Information lay out the essential elements of the offense as charged, and they specifically charge Sosa with burglarizing "a building." Accordingly, these documents were sufficient for the district court to determine, by a preponderance of the evidence, that Sosa was convicted of a generic burglary.

By contrast, the PSR, the order of discharge, and the docket sheet are not *Shepard*-eligible documents. Pursuant to this Court's decision in *Wynn*, the probation officer's description of the crime, like a police report, contains potentially disputed factual allegations that need not be proven for conviction. 579 F.3d at 576–77. To rely on the probation officer's description risks violating *Apprendi* and thus cannot be used to support a later ACCA enhancement. *Id*. The other documents are similarly unhelpful.

Likewise, defense counsel's extemporaneous statements may not be considered under *Shepard*. Again, *Wynn* is instructive. In *Wynn,* we held that even if a defendant does not object to facts as described in the PSR, reference to the report remains inappropriate because *Taylor* "'requires that evidence of a generic conviction be confined to records of the convicting court' . . . [and] a PSR prepared for a federal-district-court sentencing can never be a record of a convicting state court." *Wynn*, 579 F.3d at 576–77. Similar reasoning applies here. Defense counsel's admissions before the district court were not part of the state convicting court's record. Relying upon attorney statements made before the district court encourages later collateral attack and contradicts *Shepard*'s

primary directive that we limit our ACCA review to those facts that were "necessarily admitted" by the defendant upon pleading guilty to the predicate offense. *Shepard*, 544 U.S. at 26. Just as this Court refused to extend *Shepard*-eligibility to PSR recitations *sub silentio* because of counsel's failure to object, we decline to grant *Shepard* authority to defense counsel's affirmative statements at federal sentencing.[3]

Nevertheless, because the *Shepard*-eligible Information and Amended Information provided adequate proof to find that Sosa's prior conviction involved a generic burglary, we conclude that the district court did not err in counting the burglary conviction as a predicate ACCA offense.

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.

---

[3]We note, however, that this case concerns spontaneous statements made by counsel before the district court. We do not express an opinion as to whether counsel may formally stipulate to the facts of an ACCA predicate offense, for instance, in exchange for securing a charging concession.