NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 24, 2012
Decided May 2, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3107

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:10-cr-30236-DRH-1 |
| | |
| ROBERT BROOKS, JR., | David R. Herndon, |
| *Defendant-Appellant.* | *Chief Judge.* |

## O R D E R

Robert Brooks pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). The district court counted three prior convictions for violent felonies and thus sentenced Brooks under the Armed Career Criminal Act, *id.* § 924(e), to the statutory minimum of 180 months' imprisonment. Brooks argues that the district court erred by including in that total an Illinois conviction for burglary and a Tennessee conviction for possession of a deadly weapon. We affirm the judgment.

While conducting a traffic stop in East St. Louis, Illinois, police officers saw Brooks happen by, spot the officers, and quickly walk away. An officer watched as Brooks paused momentarily to place an object that looked like a handgun on the ground near a fence. After chasing and detaining Brooks, the officers went to the spot where he had dropped the object and found a 9mm pistol with an obliterated serial number.

After Brooks pleaded guilty, a probation officer prepared a presentence report recommending that he be classified as an armed career criminal. The ACCA mandates imprisonment of 15 years to life for defendants who violate § 922(g)(1) after incurring three prior convictions for a violent felony or serious drug offense. *See* 18 U.S.C. § 924(e)(1). The probation officer counted three qualifying convictions, all for violent felonies: a 1979 conviction in Illinois for burglary, a 1984 conviction in Illinois for armed robbery, and a 2005 conviction in Tennessee for possession of a deadly weapon "with the intent to employ it during the commission of . . . any offense not defined as a dangerous offense" (the underlying crime, for which Brooks also was convicted, was felonious possession of marijuana with intent to sell or deliver). A "violent felony" is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B).

The probation officer assigned Brooks a base offense level of 33 as an armed career criminal, *see* U.S.S.G. § 4B1.4(b)(3)(B), and subtracted 3 levels for acceptance of responsibility, *see id.* § 3E1.1, resulting in a total offense level of 30. Brooks's criminal history score would have been Category III, but his status as an armed career criminal moved him to Category IV, *see* U.S.S.G. § 4B1.4(c)(3). The total offense level of 30 and Category IV criminal history yielded a guidelines imprisonment range of 135 to 168 months. But the 15-year statutory minimum trumped that range. *See* U.S.S.G. § 5G1.1(b).

Brooks objected to the presentence report, arguing that his Illinois burglary conviction and his Tennessee conviction for possession of a deadly weapon are not violent felonies under § 924(e)(2). Brooks asserted that the burglary does not constitute a violent felony because, he says, the state court made a finding at sentencing that his criminal conduct in breaking into a building "neither caused nor threatened serious physical harm to another." As for his Tennessee conviction, Brooks noted that during a traffic stop he was sitting beside three pounds of marijuana in the back seat with two handguns behind the seat; he asserted that the guns had not been readily accessible and thus the risk of physical injury to another person was not substantial. The government disagreed, asserting that Brooks had been charged with burglarizing a building, which is a violent felony regardless of his conduct in carrying out the burglary. The government also asserted that the Tennessee gun crime, because it was committed in connection with the felony possession of marijuana with intent to sell or deliver, presented a serious potential risk of injury to another and therefore was a violent felony under the residual clause of § 924(e)(2)(B)(ii).

Brooks reiterated his objections at the sentencing hearing, though he essentially conceded that his objection to counting the burglary was foreclosed by precedent. The district court sided with the probation officer and the government. "Burglary," the court stated, is an enumerated crime in the ACCA and a violent felony within the meaning of the statute. (Id.

at 6.) The court also concluded that the Tennessee offense is a violent felony under the residual clause of the ACCA, reasoning that possession of a weapon in connection with drug trafficking creates a serious risk of harm.

On appeal, Brooks argues that the district court erred in classifying his Illinois burglary and his Tennessee gun crime as violent felonies. Courts generally use a categorical approach to determine whether an offense is a violent felony under the ACCA, examining only the fact of conviction and the statutory elements. *See Sykes v. United States*, 131 S. Ct. 2267, 2272 (2011); *Hampton*, 2012 WL 1008932, at *7. But if a statute criminalizes both conduct that would qualify as a violent felony and conduct that would not, and if the statute is "divisible"—meaning it "expressly identifies several ways in which a violation may occur," *United States v. Woods*, 576 F.3d 400, 406 (7th Cir. 2009)—then we use a modified categorical approach. *United States v. Dismuke*, 593 F.3d 582, 589 (7th Cir. 2010); *Woods*, 576 F.3d at 404. Under this approach we expand our inquiry to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005); *see Dismuke*, 593 F.3d at 589. Even this inquiry, however, is intended only to determine the nature of the conviction, not the underlying conduct. *See Dismuke*, 593 F.3d at 589; *Woods*, 576 F.3d at 405–06.

Brooks first contends that his conviction for burglary, *see* ILL. REV. STAT., ch. 38, § 19-1 (1979), is not a violent felony for the purposes of the ACCA. We disagree. Burglary is an enumerated offense under the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), but a burglary is a violent felony only if it is a "generic burglary," that is, the unlawful entry into a building or other enclosed structure with the intent to commit a crime. *Shepard*, 544 U.S. at 16–17; *Taylor v. United States*, 495 U.S. 575, 598–99 (1990); *United States v. King*, 643 F.3d 1003, 1005 (7th Cir. 2011). If a state's statute defines burglary more broadly ("nongeneric burglary") by criminalizing the unlawful entry of not only structures but also conveyances such as boats or cars, the modified categorical approach applies. *Shepard*, 544 U.S. at 17; *United States v. Thornton*, 463 F.3d 693, 701–02 (7th Cir. 2006).

In 1979, Illinois had a nongeneric burglary statute, criminalizing unlawful entries into homes, watercraft, aircraft, and motor vehicles, see ILL. REV. STAT., ch. 38, § 19-1 (1979); *Thornton*, 463 F.3d at 701, so we apply the modified categorical approach. Brooks does not dispute that he pleaded guilty to unlawfully entering a building with the intent to commit a crime, and the burglary of a building is a generic burglary and per se a violent felony. *See Taylor*, 495 U.S. at 599; *Stallings v. United States*, 536 F.3d 624, 626–27 n.1 (7th Cir. 2008).

Brooks asserts, though, that the district court failed to consider a document—the state judge's finding in the 1979 sentencing order that he did not cause or threaten physical harm during the burglary—which, he argues, illustrates that his particular crime was not violent.

Brooks misunderstands the modified categorical approach. Courts do not analyze judicial findings on the defendant's actual conduct, but look to the charging document and other portions of the judicial record only to determine whether the elements of the defendant's offense constitute a violent felony. *See Dismuke*, 593 F.3d at 589; *Woods*, 576 F.3d at 405–06.

Brooks also argues that the district court should not have counted as an ACCA predicate his 2005 conviction under a Tennessee statute making it a felony to possess a "deadly weapon with the intent to employ it during the commission of, attempt to commit, or escape from any offense not defined as a dangerous offense." TENN. CODE ANN. § 39-17-1307(d)(2) (2005). This statute does not include the use of physical force as an element, nor is it an enumerated crime under the ACCA. Thus, we consider whether the offense falls within the residual clause of the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii); *Dismuke*, 593 F.3d at 589. To qualify as a violent felony under the residual clause, an offense must "(1) present a serious potential risk of physical injury similar in degree to the enumerated crimes of burglary, arson, extortion, or crimes involving the use of explosives; and (2) involve the same or similar kind of 'purposeful, violent, and aggressive' conduct" as those crimes. *Dismuke*, 593 F.3d at 591; *see Sykes*, 131 S. Ct. at 2273; *Begay v. United States*, 553 U.S. 137, 142–43 (2008); *James v. United States*, 550 U.S. 192, 203 (2007).

The government states that § 39-17-1307(d)(2) is a divisible statute that should be analyzed using the modified categorical approach, and characterizes the conviction as one for "possessing a firearm during the commission of a drug trafficking offense." Brooks argues, in contrast, that § 39-17-1307(d)(2) is not divisible because it does not expressly list subcategories of offensive conduct.

On similar facts we applied the modified categorical approach to a defendant's prior conviction in Illinois for armed violence and concluded that it was a violent felony under the residual clause of the ACCA. *United States v. Fife*, 624 F.3d 441, 446–49 (7th Cir. 2010). Illinois law provides that "[a] person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." 720 ILCS 5/33A-2; *Fife*, 624 F.3d at 444. Like the Tennessee statute, the Illinois armed-violence statute does not list subcategories of offense conduct, but nevertheless we concluded that the statute is, in fact, divisible. *Fife*, 624 F.3d at 446–47. By using the phrase "commits any felony," the statute "necessarily establishes multiple modes of commission of the crime, dependent upon the underlying felony." *Id.* We then identified the defendant's underlying felony as possession with intent to deliver less than one gram of cocaine, 720 ILCS 570/401(d). Applying the modified categorical approach, we evaluated the two offenses as one and, noting the "violence inexorably linked to the drug trade," concluded that the defendant's prior conviction presented a serious potential risk of physical injury and involved purposeful, violent, and aggressive conduct. *Fife*, 624 F.3d at 447–49. Thus, we concluded, the prior conviction was a violent felony under the residual clause of the ACCA. *Id.* at 449.

Here, we similarly conclude that the Tennessee statute is divisible and, thus, the modified categorical approach applies. The language of the statute is analogous to the Illinois armed violence statute that we characterized as divisible in *Fife*, as they both reference possession of a weapon and undefined underlying offenses. *Compare* TENN. CODE ANN. § 39-17-1307, *with* 720 ILCS 5/33A-2. Applying the modified categorical approach, we examine Brooks's conviction in the context of his underlying offense—the felonious possession of marijuana with intent to sell or deliver—and conclude that the conviction constitutes a violent felony. First, his crime presented a serious risk of physical injury. As we stated in *Fife*, "[t]here is no doubt, nor is it seriously contested, that the possession of cocaine with intent to deliver while armed with a weapon presents a serious potential risk of physical injury similar in degree to the enumerated crimes" of the ACCA. *Fife*, 624 F.3d at 447. Turning to the second prong of the residual clause analysis, we conclude that this offense involves the same or similar kind of purposeful, violent, and aggressive conduct as the enumerated crimes. The Tennessee statute requires purposeful conduct, specifically that Brooks possessed a "deadly weapon with the intent to employ it," TENN. CODE ANN. § 39-17-1307(d)(2); *Fife*, 624 F.3d at 448; *Woods*, 576 F.3d at 408; *State v. Armstrong*, No. M2008-02837-CCA-R3-CD, 2010 WL 987207, at *7 (Tenn. Crim. App. Mar. 18, 2010); *State v. Bernard,* No. E2005-00852-CCA-R3-CD, 2006 WL 1063687, at *5 (Tenn. Crim. App. Apr. 21, 2006). And the "unmistakable connection between the illegal drug trade and violence," *Fife*, 624 F.3d at 449, means that Brooks's possession of a weapon in the commission of the underlying drug offense constituted violent and aggressive conduct. *See James v. United States*, 550 U.S. 192, 209 (2007).

**AFFIRMED**.