NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0144n.06

No. 22-6131

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Mar 13, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| MARK WILLIAM SAIN, | ) ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: CLAY, WHITE, and NALBANDIAN, Circuit Judges.

**PER CURIAM.** Defendant Mark Sain was sentenced to 180 months in prison after pleading guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The sentence was enhanced based on the district court's finding that Defendant was an Armed Career Criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Defendant now appeals his sentence enhancement. For the reasons set forth below, we **AFFIRM** Defendant's sentence.

## I. BACKGROUND

In November 2021, Defendant was pulled over by a sheriff's deputy for speeding while traveling through Franklin County, Tennessee. While speaking with Defendant, the deputy noticed a handgun placed in between Defendant's right leg and the vehicle's center console. The deputy retrieved the gun and discovered that it was loaded. Five months later, Defendant was charged in the Eastern District of Tennessee with two counts of being a felon in possession of a firearm and

ammunition, both in violation of 18 U.S.C. § 922(g)(1). Such violations typically carry a ten-year maximum sentence. 18 U.S.C. § 924(a)(2). Defendant ultimately entered into a plea agreement in which he pled guilty to one of the counts.

Prior to sentencing, the Eastern District of Tennessee's Probation Office prepared a presentence report detailing its sentencing recommendation. Under the ACCA, an individual who violates § 922(g)(1) can be deemed an Armed Career Criminal if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA mandates a fifteen-year minimum sentence for Armed Career Criminals. *Id.* In coming to its recommendation, the presentence report recommended that Defendant be sentenced as an Armed Career Criminal due to his prior convictions in state court for robbery and five burglaries, each of which was committed on "different occasions."

Defendant objected to the ACCA designation, arguing that under the Fifth and Sixth Amendments, the different-occasions inquiry must be charged in an indictment and submitted to a jury. The district court did not find these arguments persuasive, stating that this Circuit's then-existing precedent rejected Defendant's positions. Accordingly, the court found that Defendant was an Armed Career Criminal with a Sentencing Guidelines range of 180 to 210 months of imprisonment, and ultimately imposed a 180-month sentence.

## II.    DISCUSSION

### A.  Standard of Review

"We review findings of fact made at sentencing under the clear-error standard." *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020). This requires "a reviewing court [to] ask whether on the entire evidence it is left with the definite and firm conviction that a mistake has been

committed." *United States v. Orlando*, 363 F.3d 596, 603 (6th Cir. 2004) (internal quotation marks omitted).

## B. Analysis

The Supreme Court's decision in *Erlinger v. United States* is central to the issue in this case. 602 U.S. 821 (2024). *Erlinger* requires the ACCA's different-occasions inquiry be conducted by a jury, otherwise the district judge violates a defendant's Fifth and Sixth Amendment rights. *Id.* at 834–35.

It is undisputed that the district court in this case committed an *Erlinger* error. Yet the government argues that the error was harmless. Defendant, by contrast, argues that we should view the error as structural, warranting an automatic reversal. This Circuit's recent holding in *United States v. Campbell* directly answers this question; we must undertake harmlessness reviews with respect to *Erlinger* errors. 122 F.4th 624, 630–31 (6th Cir. 2024). That inquiry requires that we "ask whether the government has made it clear beyond a reasonable doubt that the outcome would not have been different without the" *Erlinger* error. *Id.* at 630 (internal quotation marks omitted). To answer this question, we are required to look at a wide range of material, including *Shepard* documents and presentence reports,[1] and to determine whether this "record evidence shows beyond a reasonable doubt that a jury's failure to consider the different-occasions question had no effect on [Defendant's] sentence." *Id.* at 632–33.

To show that predicate offenses occurred on separate occasions, courts look to a variety of factors, including: (1) timing, such that "offenses separated by substantial gaps in time or

---

[1] *Shepard* documents include "(1) the terms of the charging document, (2) the terms of a plea agreement, (3) a transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or (4) some comparable judicial record of this information." *United States v. Sosa*, 448 F. App'x 605, 608 (6th Cir. 2012) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

significant intervening events" are considered separate occasions; (2) proximity, such that crimes that take place "further away" are less likely to be "components of the same criminal event"; and (3) "character and relationship of the offenses," such that events that are "similar or intertwined" are less likely to be separate occasions. *Wooden v. United States*, 595 U.S. 360, 369 (2022).

Under these factors, Defendant's prior convictions for robbery and five burglaries undoubtedly occurred on separate occasions. With respect to timing, at the sentencing hearing the district court explicitly asked Defendant's counsel if the offenses "occurred years apart," to which counsel responded, "[w]e don't dispute that those predicates occurred many years apart." Sentencing Hr'g Tr., R. 43, Page ID #312–13. The presentence report also notes that the offenses occurred in 1990, 1997, 2004, and 2015. As to proximity, the presentence report outlines that each of the offenses occurred in very different locations, ranging from a food pantry in Bedford County, Tennessee, to a Sears store in Coffee County, Tennessee. Finally, with respect to the character and relationship of the offenses, there is nothing in the record that demonstrates that these offenses had any connection to each other. It is thus apparent beyond a reasonable doubt that the failure to submit the different-occasions inquiry to a jury had no effect on Defendant's sentence. The district court's error was therefore harmless.

Defendant also argues that double jeopardy applies to his enhanced sentence. He states that jeopardy attached when the district court accepted Defendant's plea agreement and that the government "can neither try him for the enhanced ACCA offense, nor punish him as if he had pled to it." Appellant Reply Br., ECF No. 39, 29. Defendant did not raise this argument with the district court, nor did he raise it in his initial brief before this Court; instead, he brings this argument for the first time in his reply. There appears to be no reason why Defendant could not have made this argument earlier. This argument is not based on any legal changes stemming from *Erlinger*, nor

does it rely on any other recent developments. As this Circuit has repeatedly stated, "[a]n appellant waives an issue when he fails to present it in his initial briefs before this court." *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 462 (6th Cir. 2003). Defendant has not, therefore, preserved this issue for appeal.

## III.    CONCLUSION

For the reasons set forth above, this Court **AFFIRMS** Defendant's sentence.